IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GAVIN MCINTIRE,

    Plaintiff,

    v.                                                                    No. 4:19-cv-0174-A

BNSF RAILWAY COMPANY,

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff's Objections to Defendant's Bill of Costs ("Objections"), filed October 22, 2021. ECF No. 61. As detailed below, the Court will **OVERRULE** Plaintiff's Objections.

## PROCEDURAL BACKGROUND

On September 21, 2021, the Court entered a Memorandum Opinion & Order granting Defendant BNSF Railway Company's ("BNSF") Motion for Summary Judgment and a Final Judgment dismissing Plaintiff's claims with prejudice. ECF Nos. 56, 57. On September 30, 2021, BNSF filed a Bill of Costs requesting an award of all taxable costs incurred in litigating this dispute pursuant to Federal Rule of Civil Procedure 54(d)(1). ECF No. 58. On October 15, 2021, the Clerk of Court taxed costs in the amount of $3,260.79 against Plaintiff. ECF No. 59. On October 21, 2021, Plaintiff filed a Notice of Appeal. ECF No. 60. On October 22, 2021, Plaintiff filed timely Objections to the Clerk of Court's entry of costs.[1] ECF No. 61. On November 9, 2021, BNSF responded to Plaintiff's Objections. ECF No. 62. The Objections are now ripe.

---

[1]Plaintiff challenged the entry of taxable costs by filing objections. The plain language of Federal Rule of Civil Procedure 54(d)(1), however, requires such a challenge to be raised in the form of a motion. FED. R. CIV. P. 54(d)(1) ("On *motion* served within the next 7 days, the court may review the clerk's action.") (emphasis added). Despite Plaintiff's questionable procedural vehicle, the Court will construe the Objections as a motion and rule upon the substance of Plaintiff's challenge to the entry of taxable costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). Although this presumption is rebuttable and the district court retains discretion not to award costs, a decision not to award costs to the prevailing party is the exception rather than the rule, and the court must articulate a "good reason" to justify its decision if it reduces or denies costs to a prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwarz*, 767 F.2d at 131–32).

The Fifth Circuit has not explicitly determined what reasons are sufficient to warrant withholding costs from a prevailing party. *See Armitage v. BNSF Ry. Co.*, No. 4:20-CV-0209-O-BP, 2021 WL 4993964, at \*2 (N.D. Tex. Sept. 16, 2021), *report and recommendation adopted*, No. 4:20-CV-0209-O-BP, 2021 WL 4990802 (N.D. Tex. Oct. 27, 2021) (citing *Pacheco*, 448 F.3d at 794). The Fifth Circuit has, however, recognized the following factors analyzed in such cases by courts in other circuits: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 794. (citing 10 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2668 (1998)). While the Fifth Circuit subsequently declined to adopt the first and fifth factors, it has not taken a clear stance on the remaining factors. *See Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013). That a suit was brought in good faith does not alone justify denying a prevailing party's costs. *See Pacheco*, 448 F.3d at 794–95.

**ANALYSIS**

Plaintiff argues that the Court should deny BNSF's costs and, in any event, should stay the taxation of costs until the pending appeal is

decided. ECF No. 61 at 1. Plaintiff has not, however, cited any authority and has not made a separate argument supporting the request to stay taxation of costs apart. The Court accordingly addresses only Plaintiff's request for denial of costs.

Plaintiff contends "there is significant financial disparity between BNSF, whose 2019 Form 10-K shows net income of $5,481 million, and [Plaintiff], who is unable to pay such costs." *Id.* at 2. Plaintiff argues that the discrepancy between his relatively limited financial resources and BNSF's relatively large financial resources should satisfy the first and fifth *Pacheco* factors. *Id.* Plaintiff further claims that this case presented "close and difficult legal issues," and third factor is thus satisfied. *Id.* Finally, Plaintiff argues, without citing supporting authority, that BNSF's costs were "excessive and outside the scope of taxable costs." *Id.*

BNSF responds by first arguing that its financial resources cannot be grounds for denying recoverable costs. ECF No. 62. BNSF further contends that Plaintiff's allegedly limited resources are an insufficient basis for denying an award of costs under binding Fifth Circuit case law. *Id.* BNSF adds that Plaintiff did not proceed in this matter *in forma pauperis* and has not presented evidence that he lacks the resources to pay the $3,260.79 in costs. *Id.* at 2. Further, BNSF argues that this case did not involve close and difficult legal issues because "all of [Plaintiff's] claims were either voluntarily withdrawn or resolved at the summary-judgment stage." *Id.* at 3. Finally, BNSF argues that "Plaintiff's general, broad objections [as to the reasonableness of costs incurred by BNSF] cannot overcome the presumption to validity applied to the costs BNSF claims." *Id.*

The Court is unpersuaded by Plaintiff's objections. *First*, Plaintiff's resource-disparity argument is unconvincing. Plaintiff cites no authority for the proposition that a non-prevailing party's limited financial resources warrant denial of costs to a relatively resource-rich prevailing party. *See* ECF No. 61 at 2. To the contrary, the Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320 ("[W]e decline to disturb the

careful balance established by the Federal Rules, which provide that taxable costs are presumptively awarded to the prevailing party."). Plaintiff did not proceed in this case *in forma pauperis*, nor has he offered evidence showing that he cannot afford to pay BNSF's taxable costs.

*Second*, Plaintiff's argument that this lawsuit involved close and difficult legal issues is similarly unpersuasive. As BNSF notes, all of Plaintiff's claims were "either voluntarily withdrawn or dismissed at the summary-judgment stage." ECF No. 62 at 3. Further, contrary to Plaintiff's claims, his good-faith prosecution of claims alone does not justify denying costs to the prevailing party. *United States ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 129 (5th Cir. 2015) (quoting *Pacheco*, 448 F.3d at 795). Thus, even assuming Plaintiff brought his claims in good faith, the Court declines to conclude that this case involved such "close and difficult legal issues" to warrant deviating from the presumption under Rule 54(d)(1). *See* FED. R. CIV. P. 54(d)(1).

*Finally*, the Court disagrees with BNSF that Plaintiff failed to state his objections with sufficient specificity as to the reasonableness of BNSF's costs. *Compare* ECF No. 61 at 2, *with* ECF No. 62 at 3. BNSF responded in the alternative, however, by providing an itemized list of its costs and an explanation for why each cost was necessary. ECF No 62 at 3–4. The Court thus concludes that Defendant's response provided a sufficient explanation as to the reasonableness of each cost incurred.

The Court concludes that Plaintiff failed to show good reasons why costs should not be taxed against him as the non-prevailing party.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's Objections to Defendant's Bill of Costs (ECF No. 61) should be and are **OVERRULED**. Accordingly, the Court **ORDERS** that Defendant BNSF may recover from Plaintiff $3,260.79 in taxable costs.

**SO ORDERED** on this **14th day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4